UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

KARLEEN TONI REMICE,

SIFTON, J.

Plaintiff,

CV 03 0286

-against-

LEVY, M.J.

COMPLAINT

MICHAEL A. ZENK, WARDEN OF THE
METROPOLITAN DETENTION CENTER OF
NEW YORK, DENNIS W. HASTY, FORMER
WARDEN OF THE METROPOLITAN DETENTION
CENTER OF NEW YORK, CAPTAIN JOHN DOE,
METROPOLITAN DETENTION CENTER OF
NEW YORK, LIEUTENANT JOHN DOE,
METROPOLITAN DETENTION CENTER OF
NEW YORK, RANDY DENJEN, A FORMER
LIEUTENANT OF THE METROPOLITAN
DETENTION CENTER OF NEW YORK, and
OTHER JOHN DOES NOT YET KNOWN.

Defendants.

--------------------------------------------------------------------X

Karleen Toni Remice, by her attorney, Samuel Gregory, Esq. of Lazzaro & Gregory, P.C.,
360 Court Street, Suite 3, Brooklyn, New York 11231, as and for her complaint, alleges as follows:

**PARTIES**

1.    Plaintiff, Karleen Toni Remice (hereinafter "Remice" or "Plaintiff"), is a resident of
England and was formerly incarcerated at the Metropolitan Detention Center (hereinafter "MDC")
located at 80 29th Street, Brooklyn, New York 11232.

2.    Michael A. Zenk (hereinafter "Zenk") is and was, at all relevant times, the Warden
of the MDC, having responsibility for the custodial and supervisory authority over inmates
incarcerated at the MDC, including Plaintiff.

3.    Dennis W. Hasty (hereinafter "Hasty") was, at all relevant times, the Warden of the

MDC, having responsibility for the custodial and supervisory authority over inmates incarcerated at the MDC, including Plaintiff.

4.      Captain John Doe is and was, at all relevant times, a Captain at the MDC, having responsibility for the custodial and supervisory authority over inmates incarcerated at the MDC, including Plaintiff.  Plaintiff does not know the actual name.

5.      Lieutenant John Doe is and was, at all relevant times, a Lieutenant at the MDC, having responsibility for the custodial and supervisory authority over inmates incarcerated at the MDC, including Plaintiff.  Plaintiff does not know the actual name.

6.      Randy Denjen (hereinafter "Denjen"), was at all relevant times, a Lieutenant at the MDC, having responsibility for the custodial and supervisory authority over inmates incarcerated at the MDC, including Plaintiff.

7.      Pursuant to Davis v. Kelly, 160 F.3d 917 (2d Cir. 1998), Plaintiff states that there are other individuals at the MDC who are or may be liable to the Plaintiff and that at this point prior to discovery, Plaintiff is not in a position to identify such individuals.

8.      Denjen, was at all relevant times, a Lieutenant employed by the United States Bureau of Prisons with custodial, supervisory, and disciplinary authority over inmates incarcerated at the MDC, including Plaintiff.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

11.    From a date preceding the incident in this complaint through a date subsequent to the incident in this complaint, Remice was incarcerated at the MDC.

12.    During all relevant time periods of Remice's incarceration at the MDC, Denjen was a Lieutenant at the MDC who had custodial, managerial, and supervisory authority over the operations of the MDC, its correctional officers, and its inmates, including Remice.

13.    In particular, Denjen had custody and control over Remice's person, her housing, her food, her clothing, and her rights and privileges as an inmate at the MDC.

14.    During the early morning hours of November 25, 2001, while Remice was incarcerated at the MDC, Denjen forced Remice to perform numerous sexual acts for the sexual gratification of himself. The sexual acts include, without limitation, the:

      a.    rape of Remice;

      b.    forced, non-consensual sexual intercourse consisting of Denjen forcing his penis inside Remice's vagina several times;

      c.    forced, non-consensual oral sex consisting of contact between Remice's mouth and Denjen's penis;

      d.    forced, non-consensual touching of Denjen's penis by Remice;

      e.    forced, non-consensual fondling of Remice's breasts, vulva, and vagina; and

      f.    forced, non-consensual touching consisting of Denjen kissing Remice's mouth face, and breasts.

15.    During these sexual acts, another guard at the MDC looked into the cell where Remice and Denjen were located, saw Remice lying on the bed with her clothes on the floor, and still

-3-

walked off without notifying anyone at the MDC. Additionally, Denjen brought Plaintiff to an office and forced himself on Plaintiff.

16.   These sexual acts caused Remice physical and emotional injury and pain.

17.   On October 17, 2002, Denjen plead guilty to Sexual Abuse (18 U.S.C. § 2242) in front of Judge Nina Gershon, United States District Court Judge for the Eastern District of New York. Denjen admitted that, on November 25, 2001 in the MDC, he forced Remice to engage in sexual acts with him by placing her in fear that if she did not agree to the sexual acts, she would face retaliation, namely Denjen would file a false and baseless report against Remice leading to sanctions against her or he would cause Remice to spend more time in "disciplinary segregation."

18.   Upon information and belief, Denjen also forced other female inmates at the MDC to perform similar sexual acts for Denjen's sexual gratification.

19.   Upon information and belief, other officers at the MDC forced other inmates at the MDC to perform sexual acts for the officers' sexual gratification, thereby creating an environment at the MDC were sexual conduct between officers and inmates was permitted and even accepted.

20.   Upon information and belief, the Defendants, Hasty, Captain John Doe, Lieutenant John Doe, and other John Does knew or should have known that Denjen was participating in sexual acts with female inmates based on prior complaints regarding Denjen's sexual conduct against other female inmates at the MDC, and he was predisposed to sexually abusing female inmates.

21.   Upon information and belief, Defendants, Zenk, Hasty, Captain John Doe, Lieutenant John Doe, and other John Does, knew or should have known that other officers at the MDC were engaging in sexual acts with female inmates based on prior complaints from inmates and prior investigations.

-4-

22.     As a result of the abuse by Denjen and Denjen's threats to Remice, regarding disclosure of the abuse to third parties, Remice feared that complaints about the rape, sexual assault, and sexual abuse would result in retaliation by Denjen against her.

23.     Notwithstanding her fears of retaliation, Remice informed prison authorities about the rape, sexual assault, and sexual abuse.

24.     Notwithstanding her fears of retaliation, Remice informed the Defendants about Denjen's rape and sexual abuse of her.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE EIGHTH AMENDMENT PURSUANT TO BIVENS ACTION
## (AGAINST DEFENDANT DENJEN)

25.     Plaintiff repeats and realleges each and every allegation herein as if fully set forth herein at length.

26.     At all relevant times, Defendant Denjen acted under the color of federal law.

27.     Defendant Denjen's rape, sexual assault, and sexual abuse of Remice constitutes a violation of the Eighth Amendment to the United States Constitution.  Plaintiff brings this action against the Defendant Denjen pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

28.     As a result of Defendant Denjen's conduct, Remice has been damaged in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE EIGHTH AMENDMENT PURSUANT TO BIVENS ACTION
## (AGAINST SUPERVISORY DEFENDANTS)

29.     Plaintiff repeats and realleges each and every allegation herein as if fully set forth herein at length.

30.    At all relevant times, the Defendants acted under the color of federal law.

31.    Upon information and belief, Defendants Hasty, Captain John Doe, Lieutenant John Doe, and other John Does, recklessly failed to adequately train and failed to adequately supervise Denjen, his superiors, and other officers at the MDC, and failed to enforce and consistently punish sexual abuse at the MDC.

32.    Upon information and belief, Defendants Zenk, Hasty, Captain John Doe, Lieutenant John Doe, and other John Does, recklessly failed to properly train or supervise their subordinates regarding sexual contact and sexual abuse of inmates.

33.    Upon information and belief, Defendants Zenk, Hasty, Captain John Doe, Lieutenant John Doe, and other John Does, engaged in and created a pattern, custom, and practice of failing to take action to correct or to remedy the permissive sexual atmosphere and persistent sexual abuse of female inmates by male guards at the MDC.

34.    The Defendants, Hasty, Captain John Doe, Lieutenant John Doe, and other John Does, recklessly or with deliberate indifference failed to adequately investigate Denjen's conduct, and the Defendants recklessly or with deliberate indifference, failed to take action to remove Denjen from his position, causing Remice further emotional pain and anxiety.

35.    Upon information and belief, the Defendants, Zenk, Hasty, Captain John Doe, Lieutenant John Doe, and other John Does, knew or should have known of persistent sexual abuse of female prisoners by male guards at the MDC based on prior inmate complaints and reports.

36.    The Defendants, Zenk, Hasty, Captain John Doe, Lieutenant John Doe, and other John Does, were grossly negligent in managing their subordinates, specifically Denjen, who raped, sexually assaulted, and sexually abused Remice as a result.

37.     Denjen's and other officers' continued access to female inmates of the MDC constituted a serious risk of harm to Remice and other inmates, in violation of their constitutional rights, specifically the Eighth Amendment, enforceable pursuant to Bivens.

38.     The Defendants, Zenk, Hasty, Captain John Doe, Lieutenant John Doe, and other John Does, actions demonstrate deliberate indifference to the serious risks to the health and safety of Remice and other inmates posed by the prevalence of sexual contact between inmates and correctional officers at the MDC.

39.     The Defendants, Zenk, Hasty, Captain John Doe, Lieutenant John Doe, and other John Does, were reckless, grossly negligent, and deliberately indifferent in failing to take action to protect Remice and other inmates from Denjen's and other officers' conduct, and are liable to Remice because each of them: (1) with actual and constructive knowledge of Denjen's and other officers' actual or potential conduct, which created a substantial risk to inmate safety, failed to prevent and take steps to prevent Denjen's and other officers' conduct; (2) created and permitted a policy or custom under which Denjen's conduct occurred; (3) were grossly negligent and reckless in managing their subordinates, including Denjen; (4) were deliberately indifferent to the Plaintiff's rights in that they failed to act on information indicating that constitutional violations of Plaintiff's right were taking place.

40.     The Defendants' conduct and failures to act, jointly and severally, constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Plaintiff brings this action against the Defendants pursuant to Bivens, 403 U.S. 388.

41.     As a result of the Defendants' unlawful conduct and omissions, Remice has been damaged in an amount to be determined at trial.

-7-

## THIRD CLAIM FOR RELIEF
## ASSAULT AND BATTERY
## (AGAINST DEFENDANT DENJEN)

42.     Plaintiff repeats and realleges each and every allegation herein as if fully set forth herein at length.

43.     By entering Remice's cell on the early morning of November 25, 2001 without justification or permission, and demanding sexual acts of Remice, Denjen created a reasonable apprehension in Remice of immediate harmful and offensive contact to Remice's person.

44.     Denjen's sexual assault of Remice constituted harmful and offensive contact.

45.     Denjen acted intentionally and with malice.

46.     Denjen is liable to Remice for assault and battery for causing her physical and emotional injury.

47.     As a result of Denjen's conduct, Remice requests actual and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST DEFENDANT DENJEN)

48.     Plaintiff repeats and realleges each and every allegation herein as if fully set forth herein at length.

49.     Denjen misused his authority to enter Remice's cell and sexually abuse her.

50.     Denjen's acts of sexual abuse constitute extreme and outrageous conduct.

51.     Denjen's intentional and/or reckless conduct caused Remice to suffer severe emotional distress.

52.     Denjen is liable to Remice for the intentional infliction of emotional distress.

-8-

53.    As a result of Denjen's conduct, Remice has been damaged in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
## NEGLIGENCE
## (AGAINST SUPERVISORY DEFENDANTS)

54.    Plaintiff repeats and realleges each and every allegation herein as if fully set forth herein at length.

55.    Defendants Hasty, Captain John Doe, Lieutenant John Doe, and other John Does owed Remice a duty of reasonable care.

56.    Defendants Hasty, Captain John Doe, Lieutenant John Doe, and other John Does breached that duty by negligently hiring, training, and supervising Defendant Denjen in his custodial duties as an officer at a prison housing female inmates.

57.    Defendants Hasty, Captain John Doe, Lieutenant John Doe, and other John Does knew or should have known that the environment at the MDC condoned, permitted, and encouraged sexual contact between officers and female inmates.

58.    Defendants Hasty, Captain John Doe, Lieutenant John Doe, and other John Does breached their duty of care to inmates by failing to investigate, discipline, and remove Defendant Denjen and other guards at the MDC from their positions at the MDC upon receiving Remice's and other inmates' reports of being sexually abused by Defendant Denjen and other guards at the MDC.

59.    As a result of Defendants Hasty's, Captain John Doe's, Lieutenant John Doe's, and other John Does' negligence, Remice has been damaged in an amount to be determined at trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Karleen Toni Remice respectfully demands that judgment be entered against the Defendants, jointly and severally, for actual and punitive damages in an amount to be determined at trial, for costs and expenses, for attorney's fees, and for such other and further relief as the Court deems just and proper.

Plaintiff demands a jury trial.

Dated: January 13, 2003
        Brooklyn, New York

LAZZARO & GREGORY, P.C.

By: _____

Samuel Gregory (SG 7584)
Attorney for Plaintiff
360 Court Street, Suite 3
Brooklyn, New York 11231
(718) 488 – 1900

-10-