```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
```

Karleen Toni Remice,

                                          CV-03-286(CPS)(RML)

            Plaintiff,

    - against -

                                          MEMORANDUM

Michael Zenk, *Warden of the*               OPINION AND ORDER
*Metropolitan Detention Center of New
York*, Dennis W. Hasty, *Former Warden of
the Metropolitan Detention Center of New
York*, John Doe, *Captain, the Metropolitan
Detention Center of New York*, John Doe,
*Lieutenant, the Metropolitan Detention
Center of New York*, Randy Denjen, *Former
Lieutenant of the Metropolitan Detention
Center of New York*, Other John Does Not
Yet Known, Nicole Hackett, United States
of America, Federal Bureau of Prisons,
and the Metropolitan Detention Center,

            Defendants.

```
-----------------------------------------X
```

SIFTON, Senior Judge.

    Plaintiff Karleen Toni Remice commenced this action on January 16, 2003 seeking monetary relief against several defendants, including Randy Denjen, former Lieutenant of the Metropolitan Detention Center of New York ("MDC").[1] Against defendant Denjen, plaintiff alleged a violation of her right under the Eighth Amendment to be free from cruel and unusual

---

[1] The other defendants listed in the complaint are: Michael A. Zenk, Warden of the Metropolitan Detention Center of New York; Dennis W. Hasty, Former Warden of the Metropolitan Detention Center of New York; Captain John Doe, Metropolitan Detention Center of New York; Lieutenant John Doe, Metropolitan Detention Center of New York; Nicole Hackett, Former Guard of the Metropolitan Detention Center of New York, Metropolitan Detention Center of New York, Federal Bureau of Prisons, and other John Does not yet identified.

punishment, assault and battery, and intentional infliction of emotional distress. Plaintiff seeks damages, attorney fees and costs. Presently before the Court is defendant Denjen's second motion to dismiss the complaint against him due to insufficient service of process. For the reasons stated below, the motion is denied.

**BACKGROUND**

Familiarity with the facts and parties of this case is presumed.[2]

Plaintiff alleges that she was sexually assaulted by defendant Denjen while incarcerated at MDC on November 25, 2001. Denjen was arrested for the assault, arraigned on seven charges, and remanded to the custody of the BOP during the pendency of the criminal proceedings. On October 17, 2002, Denjen pled guilty to sexual assault and making false statements. At the time plaintiff filed her complaint on January 16, 2003, defendant was in the custody of the BOP awaiting sentencing. Plaintiff attempted to serve Denjen with process at the MDC, unaware of the fact that Denjen was located at another facility. Denjen never received process, and subsequently made a motion to dismiss on the ground that he was not timely served. On September 30, 2008, I denied the motion and granted plaintiff 30 days to serve defendant

---

[2] See previous opinion denying motion to dismiss: *Remice v. Zenk*, 2008 U.S. Dist. LEXIS 77312 (E.D.N.Y. October 1, 2008).

Denjen. By letter dated October 29, 2008, plaintiff informed the court that she had again experienced difficulty in serving Denjen, and requested a 30 day extension for service. I granted that request on October 30, 2008, and extended the time for service until December 1, 2008. On November 7, 2008, Denjen filed the instant motion to dismiss, arguing that plaintiff had failed to serve him within the initial 30-day time limit for service. On November 12, 2008, plaintiff served defendant Denjen with process and subsequently filed an executed return of service with the Court.

## DISCUSSION

Plaintiff has complied with my prior order to complete service of process before December 1, 2008. Defendant Denjen asserts no other grounds for his motion to dismiss. Accordingly, the motion is denied.

## CONCLUSION

For the reasons stated herein, defendant's second motion to dismiss is denied. The Clerk is directed to furnish a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated:   Brooklyn, NY
         August 5, 2009

                    By: /s/ Charles P. Sifton (electronically signed)
                         United States District Judge